IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

WEIDONG LI, *on behalf of himself and
others similarly situated*,

                Plaintiff,

     v.

ICHIBAN MEI RONG LI INC., d/b/a
Ichiban Japanese & Chinese Restaurant,
*et al.*,

                Defendants.

_____

Civil Action No.
1:16-CV-0863 (DEP)

APPEARANCES:

FOR PLAINTIFF:

JOHN TROY & ASSOCIATES, PLLC
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355

FOR DEFENDANTS:

LAW OFFICE OF SCOTT G.
GOLDFINGER
225 Broadway, Suite 715
New York, NY 10007

OF COUNSEL:

JOHN TROY, ESQ.
KIMBUM BYUN, ESQ.

SCOTT G. GOLDFINGER, ESQ.

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>DECISION AND ORDER</u>[1]

This is an action brought by plaintiff Weidong Li, a former employee of the defendants, asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). Among the matters raised in his complaint, as amended, are claims that defendants failed to pay him minimum wages and proper overtime compensation.

As a result of mediation, the parties have entered into a tentative settlement agreement, which has been forwarded to the court for approval. Based upon review of the agreement and the parties' submissions, as well as the court's familiarity with the case, I conclude that a fairness hearing is not necessary and approval of the settlement is appropriate.

I.    <u>BACKGROUND</u>

Plaintiff commenced this action on July 12, 2016, and filed an amended complaint on November 16, 2016. Dkt. Nos. 1, 12. Named as defendants in the amended, operative complaint are Ichiban Mei Rong Li Inc., the operator of Ichiban Japanese & Chinese Restaurant, located in Albany, New York, as well as Shu Jie Xiao and Mei Rong Li, who are alleged to control the daily operations of the restaurant. Dkt. No. 12 at 3-5.

---

[1]    This matter is before me on consent of the parties pursuant to 28 U.S.C. § 636(c). Dkt. No. 22.

Plaintiff alleges that he was employed as a delivery man at the restaurant between October 15, 2014 and February 28, 2015.[2] *Id.* at 5; Dkt. No. 26 at 1. Plaintiff asserts a variety of claims under the FLSA and NYLL, generally arguing that defendants failed to (1) pay minimum wages, (2) pay proper overtime wages, (3) provide proper spread of hours compensation, (4) provide adequate meal periods, (5) maintain adequate payroll records, (6) provide a time of hire notice detailing rates of pay and other required information, (7) provide paystubs containing the required information, and (8) reimburse plaintiff for compensable motor vehicle expenses. *See generally* Dkt. No. 12. As relief, plaintiff requests an award to include (1) unpaid minimum wages; (2) unpaid overtime wages; (3) liquidated damages under the FLSA; (4) up to $5,000 based upon the failure to provide the required time of hire notice; (5) up to $5,000 for failure to provide proper paystubs; (6) liquidated damages under the NYLL; (7) prejudgment and post-judgment interest; and (8) costs and attorney's fees.

---

[2]     The parties disagree regarding the length of time the plaintiff was employed by defendants. In his letter seeking approval of the parties' settlement, plaintiff's counsel claims that Li worked for defendants from October 15, 2014 to February 15, 2015, Dkt. No. 26 at 1, apparently correcting a statement in plaintiff's amended complaint to the effect that Li worked for defendants from October 15, 2015 to February 28, 2016, Dkt. No. 12 at 5. Dkt. No. 27 at 1 n.1. Defendants, however, claim that plaintiff worked at the restaurant for only three weeks beginning on November 12, 2014. Dkt. No. 27 at 1-2.

*Id.*

On February 7, 2017, the court received notification from the mediator who conducted the mandatory mediation in the case that settlement had been achieved. Dkt. No. 21. The court then directed the parties to file the proposed settlement agreement, along with letters stating their positions as to why the settlement terms are fair and reasonable. Dkt. No. 23. The court is now in receipt of those letters and the accompanying settlement agreement. Dkt. Nos. 26, 27.

II.    SETTLEMENT TERMS

The terms of the parties' settlement are memorialized in an agreement that has been publicly filed with the court. Dkt. No. 26-1. The material terms of the settlement include payment by defendants to plaintiff in the amount of $25,000, in periodic installments payable over 210 days, secured by a confession of judgment in the amount of $37,500. *Id.* at 2-3. The agreement includes mutual release language, and provides for execution of a stipulation of voluntary discontinuance of the action, with prejudice. *Id.* at 4-5.

In his submission outlining the terms of the settlement, plaintiff's counsel has advised that, of the settlement amount, a total of $1,256.57 will be applied to cover the costs and out-of-pocket disbursements

incurred by counsel in representing plaintiff.[3] Dkt. No. 26 at 3. Of the remaining sum of $23,743.43, one-third, or $7,914.48, will be paid to Troy Law, PLLC, the law firm representing plaintiff, and the balance of $15,828.95 will inure to the benefit of plaintiff. *Id.* at 3.

## III.   DISCUSSION

Construing the relevant language of the FLSA, the Second Circuit has held that stipulated dismissals under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) settling FLSA claims with prejudice require approval of either a district court or the Department of Labor to become effective. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Requiring such approvals furthers the FLSA's manifest purpose of insuring that workers receive "'a fair day's pay for a fair day's work.'" *Cheeks*, 796 F.3d at 206 (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)).

The touchstone of the required review under *Cheeks* is that a settlement agreement must be fair and reasonable. *Lopez v. 41-06 Bell Blvd. Bakery LLC*, No. 15-CV-6953, 2016 WL 6156199, at *1 (E.D.N.Y. Oct. 3, 2016) (citing cases). Among the factors to be considered in the

---

[3]    There is a discrepancy between the amount of costs listed in the letter from plaintiff's counsel, stated therein to be $1,256.57, Dkt. No. 26 at 3, and the attached billing statements, which reflect total expenses of $1,258.57, Dkt. No. 26-3 at 5. Resolution of this discrepancy is not necessary for purpose of evaluating the fairness of the settlement agreement.

determining the issue of fairness are (1) the ranges of potential recovery by the plaintiff; (2) the litigation risks faced by the parties; (3) the extent to which the parties will avoid the burdens of expensive litigation; (4) whether the agreement results from good-faith, arm's-length negotiations involving experienced attorneys; and (5) whether there is any indicia of fraud or collusion. *Lopez*, 2016 WL 6156199, at \*1 (citing *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). In addition, when a proposed FLSA settlement includes payment of attorney's fees, the reasonableness of the fee award must also be examined. *Lopez*, 2016 WL 6156199, at \*2; *Wolinsky*, 900 F. Supp. 2d at 336. When evaluating the overarching consideration of fairness, the court bears in mind that "the vast majority of FLSA cases . . . are simply too small, and the employer's finances too marginal, for proceeding with litigation to make financial sense if the district court rejects the proposed settlement." *Cheeks*, 796 F.3d at 206-07 (quotation marks omitted).

Having carefully reviewed the parties' proposed settlement weighed against this backdrop, I conclude that it is fair and reasonable. The settlement has been publicly filed and does not contain a confidentiality provision. When considered against the potential maximum recovery should plaintiff prevail, which defendants approximate to be $32,735.04,

plus costs and attorney's fees, the settlement amount of $25,000 is manifestly reasonable.

It is true that the proposed settlement contains relatively broad release language that some courts have rejected. *See, e.g., Souza v. 65 St. Marks Bistro*, No. 15-CV-0327, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) (citing cases). I do not consider the inclusion of such a provision, however, to be so significant as to warrant rejection of the settlement agreement. It appears that the employment relationship between the parties terminated in February 2015, and there is no indication of any other actual or potential claims possessed by plaintiff against any of the three defendants named in this action. Since the parties have agreed to mutual release language, their obvious desire is to end their relationship without the specter of further disputes. Such an intention is entirely consistent with the goal under the FLSA of achieving a fair and just resolution. *Souza*, 2015 WL 7271747, at *5.

I have examined the attorney's fees provision contained in the settlement agreement, providing for recovery by counsel of one-third of the net recovery to plaintiff, after deduction of expenses. I also find that provision to be reasonable, particularly when considered in the context of the itemized billing statements supplied by plaintiff's counsel, which reveal

that, at the customary rates charged by the attorneys and other professionals working on the case, a fee of $30,371.58 would be justified.

IV.    SUMMARY AND ORDER

In sum, having considered the relevant factors under *Cheeks* and its progeny, I conclude that the proposed settlement in this action is fair and reasonable. Accordingly, it is hereby

ORDERED that the proposed settlement submitted to the court in this matter, Dkt. No. 26-1, is hereby APPROVED, and the filing of a stipulation of voluntary discontinuance of this action, with prejudice, as set forth in the parties' agreement and attached as Exhibit A thereto, will be so ordered by the court.

Dated:    May 4, 2017
          Syracuse, New York


David E. Peebles
U.S. Magistrate Judge